**Leon STAMBLER, Plaintiff,**

v.

**RSA SECURITY, INC., Verisign, Inc., First Data Corporation, Omnisky Corporation, Defendants.**

**No. CIV.A.01–065–SLR.**

United States District Court, D. Delaware.

Jan. 14, 2003.

Douglas E. Whitney, Esquire, Maryellen Noreika, Esquire, J.D. Pirnot, Esquire and Philip Bangle, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: David S. Shrager, Esquire of Shrager Spivey & Sachs, Philadelphia, Pennsylvania.

Fredrick L. Cottrell, III, Esquire of Richards Layton & Finger, P.A., Wilmington, Delaware. Of Counsel: William F. Lee, Esquire, David B. Bassett, Esquire, Donald R. Steinberg, Esquire and Mark D. Selwyn, Esquire of Hale and Dorr, L.L.P., Boston, Massachusetts. John D. Lanza, Esquire and Kia L. Freeman, Esquire of Testa, Hurwitz & Thibeault, L.L.P. of Boston, Massachusetts. Counsel for Defendant RSA Security, Inc.

Steven J. Balick, Esquire and John G. Day, Esquire of Ashby & Geddes, Wilmington, Delaware. Of Counsel: Thomas W. Winland, Esquire, Vincent P. Kovalick, Esquire and Matthew DelGiorno, Esquire of Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P., Washington, D.C. Counsel for Defendant VeriSign, Inc.

William J. Marsden, Jr., Esquire of Fish & Richardson P.C., Wilmington, Delaware. Of Counsel: Mathias W. Samuel, Esquire of Fish & Richardson P.C., Minneapolis, Minnesota. Lawrence Kolodney, Esquire of Fish & Richardson P.C., Boston, Massachusetts. Counsel for Defendant First Data Corporation.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

### I. INTRODUCTION

On February 2, 2001, plaintiff Leon Stambler ("Stambler") filed this action

against defendants RSA Security, Inc. ("RSA Security"), Verisign, Inc. ("Verisign"), First Data Corporation ("First Data") and Omnisky Corporation ("Omnisky") alleging infringement of certain claims of United States Patent Nos. 5,793,302 (the "'302 patent"), 5,936,541 (the "'541 patent") and 5,974,148 (the "'148 patent) (collectively, the "Stambler patents"). (D.I.1)

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201(a). Currently before the court is plaintiff's motion for partial summary judgment barring the defense of prosecution laches. (D.I.272) For the following reasons, the court shall grant plaintiff's motion.

## II.  BACKGROUND

The Stambler patents, each entitled "Method for Securing Information Relevant to a Transaction," generally relate to a method of authenticating a transaction, document or party to the transaction using known encryption techniques. (D.I. 293, 294, 295) The patented methods enable parties to a transaction to assure the identity of an absent party and the accuracy of information involved in the transaction. (*Id.*) The patented methods thus provide for secure transactions and prevent fraud. (*Id.*)

## III.  STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## IV.  DISCUSSION

Prosecution laches is an equitable defense to a charge of patent infringement. The Federal Circuit held in *Symbol Tech. v. Lemelson Medical*, 277 F.3d 1361 (Fed. Cir.2002), that the equitable doctrine of laches may be applied to bar enforcement of patent claims that issued after an unrea-

sonable and unexplained delay in prosecution even though the applicant complied with pertinent statutes and rules. Unfortunately, neither Congress nor the Federal Circuit has provided any further guidance on the legal standards applicable to the prosecution laches defense.

Recently, this court held that, in evaluating the defense of prosecution laches, "a threshold inquiry must be undertaken as to whether a patent 'was obtained after an unreasonable and unexplained delay in prosecution.' " *Intuitive Surgical, Inc. v. Computer Motion, Inc.*, No. 01–203–SLR, 2002 WL 31833867, at *3 (D.Del. Dec. 10, 2002) (quoting *In re Bogese*, 303 F.3d 1362, 1367 (Fed.Cir.2002)). The court also noted that "in reviewing the record to determine whether the delay at issue was unreasonable and unexplained, the court must consider the fact that prosecution laches is an equitable tool which has been used sparingly in only the most egregious of cases." *Id.*

■ In the case at bar, a review of the prosecution history of the Stambler patents discloses the following prosecution periods:

1. The '302 patent was applied for on November 12, 1996 and issued on August 11, 1998—a period of less than two (2) years. (D.I.293)

2. The '541 patent was applied for on June 10, 1997 and issued on August 10, 1999—a period of two (2) years and two (2) months. (D.I.294)

3. The '148 patent was applied for on May 13, 1997 and issued on October 26, 1999—a period of two (2) years and five (5) months. (D.I. 295)

4. The original patent application to each of the Stambler patents (Appl. No. 07/977,385) was applied for on November 17, 1992. It is undisputed that in June 1993, the patent office issued a restriction requirement forcing plaintiff to file several division applications. (D.I. 310 at 8) Each of the Stambler patents issued from one or more division applications of the original patent application. The period between the date of the restriction requirement and the issuance of the final Stambler patent, the '148 patent, is six (6) years and four (4) months.

As a matter of law, this court finds that the Stambler patents did not issue after an unreasonable delay. Measured from the application dates, the Stambler patents issued in less than two and one-half years. Measured from the date of the original application, the Stambler patents issued in less than seven (7) years. Considering the prosecution history as a whole, seven years does not represent an unreasonable delay.[1] Plaintiff ultimately received seven different patents in seven years.[2] Plaintiff acted reasonably in prosecuting the various continuation and division applications during this time.[3]

---

**1.** At least one other district court has held, post-*Symbol*, that a delay of more than seven years between the filing of a parent application and the issuance of a continuation or divisional patent is not unreasonable. *See Gen–Probe Inc. v. Vysis, Inc.*, No. 99–CV–2668H (S.D.Cal. Aug. 5, 2002) (post-trial order) ("[T]he Court finds that the eleven years between filing and issuance of the '338 patent is not unreasonable.").

**2.** In addition to the patents in suit, plaintiff is the named inventor on patent nos. 5,267,314, 5,524,073, 5,646,998 and 5,555,303.

**3.** Defendants argue that plaintiff's delay of more than three years in filing the division applications for the Stambler patents following the patent office's original restriction requirement constitutes an unreasonable delay. This court disagrees. During this period, plaintiff was prosecuting two other patent applications based on the original application, which ultimately issued as patent nos. 5,267,-

## V. CONCLUSION

For the reasons stated, the court shall grant plaintiff's motion for partial summary judgment barring the defense of prosecution laches. An appropriate order shall issue.

### ORDER

At Wilmington, this 14th day of January, 2003, consistent with the opinion issued this same day;

IT IS ORDERED that plaintiff's motion for partial summary judgment barring the defense of prosecution laches (D.I.272) is granted.

314 and 5,524,073. Plaintiff's delay in filing the division applications for the Stambler pat- ents under these circumstances is not unreasonable.